James A. Haynes, Jr., Esq. County Attorney, Chenango County
You have asked whether the Chenango County Clerk is required or authorized to record a judgment of the Superior Court of New Jersey which purports to affect the title to real property located in Chenanqo County.
You have indicated that the Chenango County Clerk has received a request from a New Jersey attorney to record a New Jersey judgment which was rendered in a divorce action. The Superior Court of New Jersey issued an order which granted the plaintiff-wife a divorce and declared her to be the legal and equitable owner of real property located in Chenango County, New York. Prior to the divorce, the parties held the property as a tenancy by the entirety. The order further provides that the judgment "may be recorded as a Deed with the County Clerk of Chenango County in the State of New York for the purpose of the Plaintiff * * * obtaining sole title to the premises." The judgment recites that the plaintiff-wife has been a bona fide resident of New Jersey for more than one year preceding the commencement of the action.
The New Jersey attorney who represents the plaintiff-wife by letter advised the county clerk that personal service was made upon the defendant-husband in New Jersey and that the Superior Court of New Jersey had in personam jurisdiction over the defendant. However, the defendant did not appear in the New Jersey action and the judgment was entered by default.
Real Property Law, § 297-b governs the recording of judgments affecting real property. It provides in pertinent part:
 "When a judgment, final order or decree is rendered by a New York state court of record or a United States district court affecting the title to or possession, use or enjoyment of real property, a copy of such judgment, order or decree, duly certified by the clerk of the court wherein said judgment was rendered, may be recorded in the office of the recording officer of the county in which such property is situated, in the same manner as a conveyance duly acknowledged or proved and certified so as to entitle it to be recorded, and such recording officer shall upon request and on tender of the lawful fees therefor, record the same in said office." (Emphasis added.)
Real Property Law, § 297-b was originally enacted in 1949 upon the recommendation of the Law Revision Commission. Prior to its enactment, there was no provision for the recording of judgments, final orders or decrees affecting title to real property in the land records of the county in which the real property is situated. (Recommendation of the Law Revision Commission to the Legislature, Bill Jacket, L 1949, ch 447; Leg. Doc. [1949] No. 65[E], 1949 Report Recommendations and Studies 365.) As a result, judgments affecting title to real property were not found in the chain of title.
There is no indication whether the Legislature intended that sister-State judgments could be recorded under the statute as first enacted. (See Bill Jacket, L 1949, ch 447.)
Section 297-b was amended in 1964 (see L 1964, ch 311). The statute as initially enacted contained no references to the nature of the court whose judgments, orders or decrees could be recorded. The 1964 amendment added the phrase "by a New York state court of record or a United States district court" in order to clarify ambiguities that had arisen as to whether a Federal district court judgment could be recorded pursuant to Real Property Law, § 297-b (see Assembly Memorandum in support of the Bill, Bill Jacket, L 1964, ch 311).
Even if it had been arguable that foreign judgments were encompassed by the original statute, the statute as amended clearly excluded sister-State judgments by the principle expressio unius est exclusioalterius (McKinney's Statutes, § 240). Thus, Real Property Law, § 297-b does not require nor authorize the Chenango County Clerk to record the New Jersey judgment.
You have also asked whether Article IV, section 1 of the United States Constitution requires the county clerk to record the New Jersey judgment despite the restrictive language of Real Property Law, §297-b. Article IV, section 1 provides:
 "Full faith and credit shall be given in each State to the Public Acts, Records, and Judicial Proceedings of every other State, and Congress may by general laws prescribe the manner in which such Acts, Records and Proceedings shall be proved, and the effect thereof."*
The full faith and credit clause requires a State only to make the sister-State judgment conclusive on the merits of the claim or the subject matter of the lawsuit. Fall v Eastin, 215 U.S. 1, 12 (1909). It does not require a State to execute the judgment of a sister-State, for in order to have the "`force of a judgment in another State it must become a judgment there; and can only be executed in the latter as its laws permit'" (Fall v Eastin, supra, p. 12, quoting M'Elmoyle v Cohen, 13 Pet 312 [1839]).
In order to be recorded under Real Property Law, § 297-b a sister-State judgment must become a judgment here. There are several methods by which a foreign judgment may become a New York judgment: (1) by following the procedures enumerated in the Uniform Enforcement of Foreign Judgments Act (see CPLR §§ 5401, et seq.); (2) by an action on the judgment (see CPLR §§ 5001, et seq.); and (3) by a motion for summary judgment in lieu of complaint (CPLR § 3213). However, a litigant may not avail himself of the expedited procedures of the Uniform Enforcement of Foreign Judgments Act if the foreign judgment was obtained by default (see CPLR § 5401). Since the New Jersey judgment was obtained by default, it cannot be converted to a New York judgment under that Act. The New Jersey attorney would have to convert the New Jersey judgment to a New York judgment by way of an action on the judgment or the more expeditious procedure of a motion for summary judgment in lieu of complaint.
We conclude that the Chenango County Clerk is neither required nor authorized to record a judgment of the Superior Court of New Jersey under Real Property Law, § 297-b. The full faith and credit clause of the United States Constitution is not violated by the refusal to record the judgment. The county clerk need not record the judgment until it is converted to a New York judgment.
* Congress has implemented and expanded the full faith and credit clause by statute (28 USCA, § 1738), which requires all American Courts — including the territorial Courts, the Courts of the District of Columbia, and the Federal Courts — as well as State Courts — to recognize each others' judgments. See SIEGEL, New YorkPractice, § 471, p 631 (1978).